ORDER (Dismissal with Prejudice)
TODD R. MATHA, Associate Judge.
INTRODUCTION
The Court dismisses the instant case with prejudice pursuant to the Ho-Chunk Nation Rules of Civil Procedure [hereinafter HCN R Civ. P.], Rule 44(C). The plaintiff “failfed] to appear at a hearing ... for which they received proper notice”, namely the November 8, 1999 Motion Hearing. Id. This dismissal proves the *263 equivalent of a final adjudication on the merits.
PROCEDURAL HISTORY
The plaintiff, Helen Harden, initiated the current action by filing a Complaint with the Court on September 10, 1999. Consequently, the Court issued a Summons accompanied by the above-mentioned Complaint and attachments on September 10, 1999, and personally served the documents upon the defendant, Indian Child Welfare/Child & Family Services [hereinafter ICW/CFS]. The Summons informed the defendant of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to the HCN It. Civ. P. 5(B). The Summons also cautioned the defendant that a default judgment could result from failure to file within the prescribed time period.
The defendant, by and through Attorney Leslie Parker Cohan, filed the Answer on September 29, 1999, serving such documents on the plaintiff via first class mail. The Court subsequently mailed Notice(s) of Hearing on October 5, 1999, informing the parties of the date, time and location of the Scheduling Conference. Prior to the Scheduling Conference, the defendant filed the October 13, 1999 Defendant’s Notice and. Motion to Dismiss and Defendant’s Brief in Support, of Motion to Dismiss. The defendant served such documents on the plaintiff via first class mail. The following parties appeared at the October 21, 1999 Scheduling Conference: Attorney Leslie Parker Cohan and Helen Harden.
At the Conference, the Court, with the consent of the defendant, extended the ten (10) day response period under HCN R. Civ. P. 19(A).[1] The Court required the plaintiff to file a Response on or before November 1, 1999.[2] The Court also afforded the plaintiff the ability to argue against the Motion to Dismiss at a Motion Hearing scheduled for November 8, 1999. Notice(s) of Hearing mailed on October 21, 1999 reminded the parties of the date, time and location of the Motion Hearing.
The Court filed the Scheduling Order on October 22, 1999. The defendant, in compliance with the Scheduling Order, filed the Defendant’s Preliminary Witness List on October 29, 1999. The following parties appeared at the November 8, 1999 Motion Hearing: Attorney Leslie Parker Cohan. Helen Harden failed to appear, and did not provide the Court with prior notice explaining her non-attendance.
APPLICABLE LAW
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process
(B) Summons. The Summons is the official notice to the party informing him/ her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See, HCN R. Civ. P. 6) and that a Default Judgement may be entered against them if they do not file an Answer in the limited time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
*264 Rule 19. Filing and Responding to Motions
(A)Motion. Motions may be filed by a party with any pleading or at any time after their first pleading has been filed. A copy of all written Motions shall be delivered or mailed to other parties at least five (5) calendar days before the time specified for a hearing on the Motion. A Response to a written Motion must be filed at least one day before the hearing. If no healing is scheduled, the Response must be filed with the Court and served on the other1 parties within ten (10) calendar days of the date the Motion was filed. The party filing the Motion must file any Reply within three (3) calendar days.
Rule 44. Presence of Parties and Witnesses
(C) Failure to Appear. If any party fails to appear at a hearing or trial for which they received proper notice, the case may be postponed or dismissed, a judgement may be entered against the absent party, or the Court may proceed to hold the hearing or trial.
Rule 58. Amendment to or Relief from, Judgement or Order
(A) Relief from Judgement. A Motion to Amend or for relief from judgement, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgement. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial • legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgement, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgement accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgement, the time for initiating an appeal commences upon entry of the amended judgement. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgement commences when the Court denies the motion on the record or when an order1 denying the motion is entered, whichever occurs first. If within thirty (30) days after the entry of judgement, the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgement commences in accordance with the Rules of Appellate Procedure.
(C) Erratum Order or Reissuance of Judgement. Clerical errors in a court record, including the Judgement or Order, may be corrected by the Court at any time.
(D) Grounds for Relief. The Court may grant relief from judgements or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(1)(a) or1 (b); did not have proper service and did not appear1 in the action; or (4) the judgement has been satisfied, released, discharged or is without effect due to a judgement earlier in time.
DECISION
Pursuant to HCNR. Civ. P. 44(C), the defendant moved to dismiss the instant *265 proceeding at the November 8, 1999 Motion Hearing on the basis of the plaintiffs failure to attend the Hearing after receipt of proper notice. The defendant filed the Defendant’s Notice ami Motion to Dismiss and Defendant’s Brief in Support of Motion to Dismiss on October 13, 1999. The defendant served the documents on the plaintiff via first class mail, and the plaintiff was in actual receipt of the Motion, to Dismiss on October 21, 1999. The parties coordinated a mutually agreeable Motion Hearing date at the October 21, 1999 Scheduling Conference. The Court thereby provided verbal notice of the November 8, 1999 Motion Hearing. The Court also provided the plaintiff ten (10) days from the Scheduling Conference to file a Re-spouse to the Motion to Dismiss. However, the plaintiff failed to submit a Response on or before November 1, 1999, thereby waiving that right. The Court mailed written Notice(s) of Hearing to the parties on October 21, 1999, reminding the parties of the date, time and location of the November 8, 1999 Motion Hearing. Regardless, the plaintiff failed to appear at the Motion Hearing, and provided no prior notice to the Court explaining her nonattendance.
THEREFORE, the Court dismisses the instant action pursuant to HCN R. Civ. P. 44(C). The plaintiff retains the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgement or Order. Otherwise, all parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision of this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date this Court renders such final judgment or order. The Notice of Appeal must show service was made upon the opposing party prior to its acceptance for filing by the Clerk of Court. The Notice of Appeal must explain the reason the party appealing believes the decision appealed from is in error’. All appellate pleadings to the Ho-Chunk Supreme Court must conform with the requirements established by the Ho-Chunk Supreme Court as stated in the Ho-Chunk Nation.

. The plaintiff alleged that she had not received the defendant's October 13, 1999 Defendant's Notice and Motion to Dismiss and Defendant's Brief in Support of Motion to Dismiss.

. The plaintiff filed an untimely Response to Motion to Dismiss and Witness List on November 8, 1999.